**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**NICK NELSON,**

Plaintiff,

v.

**ELLERBE BECKET CONSTRUCTION SERVICES, INC.; ELLERBE BECKET CO.; and ELLERBE BECKET, INC.;**

Defendants.

---

Civil No. 01-1849 (MJD/JGL)

**ORDER**

APPEARANCES

Stephen W. Cooper, Esq., for Plaintiff

William D. Hull, Esq., for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 4, 2002 on Defendants' Motion to Compel Discovery (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Defendants originally moved to compel discovery and for an award of attorney's fees and costs in the amount of $800.00. At the motion hearing, Defendants acknowledged that Plaintiff provided the discovery at issue

FILED JUN 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

subsequent to the filing of the motion, and this aspect of the motion is therefore moot. However, Defendants still seek costs and fees incurred in bringing the motion.

Defendants served discovery requests on October 19, 2001, before the Rule 26(f) conference. The Rule 26(f) conference was held on November 29, 2001, and the Rule 26(f) Report required the parties to exchange Rule 26(a) disclosures on or before December 20, 2001. Thus, the relevant deadlines were December 20, 2001 and December 29, 2001. As of May 13, 2002, the date Defendants filed the motion to compel, Plaintiff had neither responded to the discovery requests nor filed his Rule 26(a) disclosures, despite being asked by Defendants' counsel three times. Plaintiff served his discovery responses and Rule 26(a) disclosures on May 22 and 28, 2002.

Federal Rule of Civil Procedure 37(a)(4) permits a court to award attorney's fees and costs to a party who moves to compel discovery even if the requested discovery is provided after the motion was filed, unless the moving party did not attempt in good faith to obtain the discovery, the opposing party's nondisclosure was substantially justified, or an award would be unjust. In this case, Defendants repeatedly attempted in good faith to obtain the requested discovery. Furthermore, Plaintiff's failure to participate in discovery was not justified. Plaintiff's counsel gave no acceptable reason for his dilatoriness to the Court, and he also failed to respond to Defendants' repeated inquiries. Plaintiff's

counsel did not acknowledge or respond to Defendants' letter of January 9, 2002. On March 15, 2002, at the pretrial conference, Plaintiff's lawyer assured Defendants that he would respond to discovery and provide the Rule 26(a) disclosures, but he did not. Plaintiff's counsel did not respond to Defendants' letter of April 24, 2002. It was not until Defendants filed the motion to compel that Plaintiff provided the discovery and disclosures at issue. These circumstances warrant an award of attorneys' fees, and there are no circumstances making such an award unjust. Contrary to Plaintiff's counsel's supposition, providing untimely discovery responses does not shield a party from Rule 37 sanctions. The Court finds an award of $500.00 appropriate, and Plaintiff and his attorney are directed to pay this amount.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery (Doc. No. 9) is **DENIED AS MOOT** as to compelling discovery and **GRANTED** as to attorney's fees in the amount of five hundred dollars ($500.00).

Dated: June 4, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge