**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**NICK NELSON,**

Plaintiff,

v.

**ELLERBE BECKET CONSTRUCTION SERVICES, INC.; ELLERBE BECKET CO.; and ELLERBE BECKET, INC.,**

Defendants.

---

Civil No. 01-1849 (MJD/JGL)

**O R D E R**

APPEARANCES

Stephen W. Cooper, Esq., for Plaintiff.

William D. Hull, Esq., for Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 16, 2002 on Plaintiff's Motion to Compel Discovery (Doc No. 15). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This case arises out of an employment dispute. Plaintiff was employed by Defendants as a bookkeeper. According to Plaintiff, during his employment he was required to work overtime shifts for which he did not

FILED 7-17-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

receive overtime compensation. Plaintiff complained about the lack of overtime pay, and now claims that he was subsequently retaliated against for making those complaints. Plaintiff eventually left Defendants' employ and filed the instant lawsuit claiming violations of the Fair Labor Standards Act and Minnesota statute. In the instant motion, Plaintiff seeks responses to discovery requests and his attorneys' fees associated with bringing the motion.

## II. DISCUSSION

Plaintiff's motion papers cited four disputed discovery requests. Since the instant motion was filed, Defendants have supplemented their discovery responses. At the motion hearing, Plaintiff indicated that even after supplementation there are "still issues" with Interrogatory Numbers 5 and 6.

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a). Written interrogatories and requests for the production of documents are two discovery methods allowed under the Federal Rules. See Fed. R. Civ. P. 26(a)(5). When served with interrogatories, the party must answer and "furnish such information as is available to the party." Fed. R. Civ. P. 33(a). If a party objects to an interrogatory, the party must state the reason

for the objection with specificity and answer the interrogatory to the extent it is not objectionable. See Fed. R. Civ. P. 33(b)(1), 33(b)(4). If a party objects to a document request, the party must state the reason for the objection. See Fed. R. Civ. P. 34(b).

**A. Plaintiff's Interrogatory Nos. 5 & 6**

Plaintiff's Interrogatory No. 5 asks Defendant to:

> [i]dentify each and every person(s) Defendant deemed as eligible to receive or who did receive overtime. Please state their name, address, phone, job title, dates of employment, rate of pay, job description, job duties, and responsibilities.

Plaintiff's Interrogatory No. 6 asks Defendant to:

> [i]dentify each and every person(s) who did not receive overtime who worked more than 40 hours in a week or whom Defendant deemed ineligible for overtime. Please state their name, address, phone, job title, dates of employment, rate of pay, job duties, and responsibilities.

Defendants originally objected to these interrogatories on the bases of relevance, inability to lead to the discovery of admissible evidence, overbreadth, and burdensomeness. Plaintiff responds that the interrogatories seek relevant information and are reasonably calculated to lead to the discovery of admissible evidence insofar as "[o]vertime pay and eligibility are at the heart of this litigation." (Pl. Ex. 2 at 2.) Since serving their original objections, Defendants have supplemented their answers by producing a list of all job classifications with pay grades and exempt/non-exempt status noted.

Defendants continue to argue that these requests are overly broad and unduly burdensome. Defendants assert that during Plaintiff's tenure, they had as many as 900 employees, and that it would be an enormous task to gather all the requested information regarding every one of those employees. Moreover, Defendants argue that pay information regarding people such as the CEO or receptionists in a foreign countries is irrelevant to the instant litigation. (Def. Mem. Opp. Motion Compel at 6.)

The Court agrees. Although the Court finds the desired information relevant, the Court also finds the interrogatories overbroad.

At the motion hearing, the Parties discussed the availability of overtime pay in terms of employee categories. Apparently, Defendants categorize their jobs by number. According to Defendants, employees in categories eight and below are entitled to overtime pay, while employees in categories ten and above are not entitled to overtime pay. Defendants assert that the only employment category in which overtime pay is negotiable is category nine. Defendant was employed in category eleven.

Plaintiff avers that Defendants have conceded that Plaintiff's job was not automatically exempt from overtime pay, and that jobs are not automatically exempt unless they are in categories twelve or above. At the motion hearing, Plaintiff's Counsel stated that information related to the disputed categories is "especially important" to the case.

The Court finds that Defendants must fully answer these interrogatories with information related to their American employees who are in categories nine, ten, eleven, and twelve. This range of production should provide Plaintiff with a good basis for comparison without placing an undue burden on Defendants. Accordingly, this part of Plaintiff's motion is granted as to the production of information related to American employees in categories nine, ten, eleven, and twelve and denied as to all other employee information.

**B. <u>Attorneys' Fees</u>**

Plaintiff argues that he is entitled to attorneys' fees as a sanction for having to bring this motion in the face of Defendants' "failure to respond adequately to [Plaintiff's] discovery requests." (Pl. Mem. Supp. Mot. Compel at 11.) Plaintiff asserts that he has properly attempted to resolve this dispute as required by Rule 37. Defendants respond that Plaintiff is not entitled to attorneys' fees because Plaintiff failed to meet and confer as required by Rule 37. Defendants argue, instead, that they are entitled to attorneys' fees.

Federal Rule of Civil Procedure 37 provides in pertinent part:

> If the motion is granted or disclosure of requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without making a good faith effort to obtain the disclosure or discovery without court action, or

> that the opposing party's nondisclosure, response, or objection was substantially justified.

Fed. R. Civ. P. 37(4)(A).

The Court has no trouble finding that Plaintiff is not entitled to attorneys' fees in this case. The evidence demonstrates the following:

(1) On June 24, 2002 Defendants served timely responses to Plaintiff's discovery requests. (Def. Ex. B.)

(2) On Friday, June 28, 2002 Plaintiff's Counsel faxed Defendants' Counsel a letter outlining the deficiencies in Defendants' responses. Defendants' Counsel was out of the office that day and did not even see the fax until Monday, July 1, 2002. (Hull Aff. ¶ 5; Def. Ex. C; Pl. Ex. 2.)

(3) On Monday, July 1, 2002 Defendants' Counsel saw Plaintiff's letter. Defendants' Counsel was on his way to a deposition and was unable to read the entire four page letter at that time. However, Defendants' Counsel did send a letter to Plaintiffs' Counsel stating that he would be in depositions all day and on vacation the remainder of the week, but that he would address Plaintiff's concerns when he returned to the office on July 8, 2002. (Hull Aff. ¶ 5; Def. Ex. E; Pl. Ex. 3.)

(4) On the afternoon of July 1, 2002 Plaintiff filed the instant motion. (Def. Ex. F.)

(5) On July 9, 2002 Defendants' Counsel sent a letter to Plaintiff's Counsel agreeing to supplement Defendants' discovery responses. Included in this letter was the offer to discuss narrowing the discovery requests. (Def. Ex. G.)

(6) On July 11, 2002 Defendants served their supplemental discovery responses. (Def. Ex. H.)

(7) Plaintiff's Counsel never responded to Defendants' Counsel's offer to discuss narrowing the discovery requests. (Hull Aff. ¶ 9.)

Plaintiff never even attempted to actually discuss the discovery responses with Defendants. Furthermore, Defendants' Counsel provided Plaintiff with timely and appropriate notice regarding his vacation and inability to respond to Plaintiff's concerns. Plaintiff's representation that one fax constitutes an appropriate attempt to meet and confer borders on the specious. Plaintiff blatantly ignored Defendants' offer to attempt to resolve this dispute without Court intervention. Plaintiff is not entitled to attorneys' fees.

The Court also finds that Defendants are not entitled to attorneys' fees. Plaintiff filed the instant motion on the last day to file nondispositive motions in this case. While the Court is disappointed with Plaintiff's failure to attempt to resolve the instant dispute during the time between filing his motion and the motion hearing, the Court understands why the motion was filed on

that day. Moreover, the Court does not find that Plaintiff's arguments were completely unjustified. Accordingly, this part of Plaintiff's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 15) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order; and

(2) Defendants must comply with the Order and respond to any outstanding discovery requests by August 16, 2002.

Dated: July 17, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge