/

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nick Nelson,

Civil File No. 01-1849 (MJD/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Ellerbe Becket Construction Services, Inc., Ellerbe Becket Co., and Ellerbe Becket, Inc.,

Defendants.

Stephen Cooper, The Cooper Law Firm for and on behalf of Plaintiff.

William Hull, Coleman, Hull & Van Vliet for and on behalf of Defendants.

This matter is before the Court on the parties' cross-motions for summary judgment. A hearing on the matter was held November 8, 2002, at which counsel for the parties engaged in oral argument. During oral argument Defendants' counsel, William Hull ("Mr. Hull"), made an unnecessary and inappropriate remark. For the reasons that follow, the Court Orders sanctions in the amount of $500.00 against Mr. Hull.

**BACKGROUND**

This case involves allegations by Plaintiff ("Nelson") that Defendants ("Ellerbe Becket") violated the Fair Labor Standards Act ("FLSA") and the Minnesota Whistleblower Act



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV
DEPUTY CLERK

("Whistleblower Act"). Ellerbe Becket brought a motion seeking summary judgment on both of Nelson's claims, and Nelson brought a cross-motion seeking summary judgment on his FLSA claim. A hearing regarding the motions was held November 8, 2002, at which counsel for the parties engaged in oral argument.

During Mr. Hull's argument, he addressed a contention raised in Nelson's motion papers that asserted Nelson was merely one of 30-35 accountants doing the same type of work. Mr. Hull, referring to an affidavit of Nelson's supervisor, Sue Cronen ("Cronen"), stated, "Cronen's affidavit shows the structure of the whole *damn* company." (Emphasis added). Hull, presumably, was attempting to show that Nelson had misrepresented the structure of the accounting division in his motion papers. At the time Hull uttered his remark, numerous juveniles and young adults were present in the gallery of the courtroom waiting for an upcoming evidentiary hearing on a criminal matter.

**DISCUSSION**

**A. Standard**

"'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Chambers v. NASCO, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) (quoting Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)); see also Saldana v. Kmart Corp., 260 F.3d 228, 237 (3d Cir. 2001). A primary aspect of the inherent power of the courts is the ability to fashion an appropriate sanction for misconduct in the courtroom. See First Bank of Marietta v. Hartford

Underwriter's Ins. Co., 307 F.3d 501, 516 (6th Cir. 2002). Such power is inherent to the courts and is not governed by rule or statute. See Chambers, 501 U.S. at 50, 111 S.Ct. at 2136.

**B. Analysis**

This conduct at issue in this case is Mr. Hull's use of a swear word "damn" during oral argument during cross-motions for summary judgment.

The Court makes the express determination that Mr. Hull's use of the word "damn" is appropriately sanctionable, in that it was outside the realm of acceptable conduct. A curse word has no place in the courtroom, especially where its sole purpose is to drive home the point of an assertion. See, e.g., Pintagore v. Montgomery Ward & Co., 419 F.2d 1138, 1142 (6th Cir. 1969). The nature of the conduct is compounded by the fact that there were numerous juveniles and young adults present in the gallery of the courtroom at the time of utterance. Mr. Hull was aware of the presence of the spectators and had a duty to keep his argument within proper bounds. See id. at 1143.

The Court has available broad powers, both monetary and equitable, to fashion a sanction for objectionable conduct. The Court concludes that a letter of apology to the Court and a $500.00 fine is the most appropriate sanction available, and serves the dual purposes of enforcing decorum in the courtroom and deterring counsel from similar future conduct. Subsequent to the hearing, by letter dated November 12, 2002, Mr. Hull submitted to the Court a letter of apology and a personal check in the amount of $500.00. The Court is satisfied with Mr. Hull's apology and deems it appropriate to suspend the $500.00 fine.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Clerk of Court shall return William Hull's deposit in the amount of $500.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: 11-15-02

Michael J. Davis
United States District Court Judge